# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

SAMUEL R. HOUSTON, JR., )
)
    Plaintiff, )
)
v. ) Case No. CV411-192
)
BRIAN OWENS, SHAVONDA )
FIELDS, THERESA LINDSEY, )
MILTON SMITH, SHEILA OUBRE, )
CARLOTTA RICE, and THOMAS )
AMMONS, )
)
    Defendants. )

## **REPORT AND RECOMMENDATION**

Before the Court is Samuel Ricardo Houston, Jr.'s 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) After being released from prison, he filed the instant action seeking damages because he was incarcerated after his state prison sentence had expired. (*Id.* at 7.) He claims that he received a two-and-a-half year sentence in Chatham County Superior Court but, due to a clerical error, was forced to serve three years. (*Id.*)

Houston is proceeding in forma pauperis ("IFP"). The right to proceed IFP in the federal district courts is provided for by statute. *See* 28 U.S.C. § 1915. That statute authorizes courts to dismiss cases sua

sponte if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The power to sua sponte dismiss IFP cases "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The Court must therefore examine the complaint to determine whether it states a colorable claim for relief. It does not.

Houston claims that he was detained beyond the time pronounced at sentencing based upon an error by the sentencing court. (Doc. 1 at 7.) According to Houston, the Georgia Bureau of Prisons relies upon the Offender Based Tracking System, which in turn relies upon a form completed by the clerk of the sentencing court. (*Id.*) The superior court judge allegedly sentenced Houston to two-and-a-half years'

imprisonment, but the clerk's form memorializing that ruling shows that Houston was sentenced to serve three years. (*Id.*) Based upon that error, Houston actually served three years and now seeks damages for the allegedly unlawful over-detention. (*Id.* at 3, 7-8.)

In order to establish a cognizable claim for unlawful detention under § 1983, plaintiff must allege facts showing the elements of common law false imprisonment: (1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm. *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). And he must further establish that the imprisonment resulted in a violation of his substantive due process rights under the Fourteenth Amendment. *Id.* That is, he must show that the defendants were deliberately indifferent to his continued detention "'after it was or should have been known that [he] was entitled to release.'" *Kelley v. Ga. Dep't of Corr.*, 145 F. App'x 329, 330 (11th Cir. 2005) (quoting *Cannon v. Macon County*, 1 F.3d 1558, 1563 (11th Cir. 1993)).

Houston names as defendants various wardens (Milton Smith, Thomas Ammons, Sheila Oubre, and Carlotta Rice), Bureau of Prisons

Commissioner Brian Owens, Sentence Computation Unit Administrator Shavonda Fields, and a Bureau of Prisons computational clerk, Theresa Lindsey. (*Id.* at 6.) He states that they failed to correct his sentence after he brought the error on the sentencing form to their attention.[1] (Doc. 1 at 7-8.) According to Houston, they should have recalculated his time to serve based upon the proper sentence. (*Id.*)

Houston, however, has named the wrong defendants. This is not a case where the Bureau of Prisons made any computational errors in calculating a prisoner's release date. *See e.g.*, *Kelley*, 154 F. App'x at 330-31 (noting that the Georgia Bureau of Prisons is responsible for calculating release dates based upon credit for time served and can be held accountable via § 1983 for computational errors leading to unwarranted detention). Any error here arose from the superior court itself; defendants simply carried out the judge's sentence as the clerk's form directed. Indeed, Houston has not offered any facts suggesting that the defendants were empowered to modify Houston's period of

---

[1] Notably, he does not name the superior court clerk who entered the allegedly incorrect sentence, nor has he pled any facts suggesting that the clerk was deliberately indifferent to his continued detention after learning of his error.

4

incarceration absent new instructions from the sentencing court. Consequently, Houston has not shown that defendants are legally accountable for detaining him beyond his proper release date. He has therefore failed to state a claim for relief.[2]

Additionally, to the extent that the defendants are state officials and are named in their official capacity, Houston's damages claim fails as a matter of law. The Eleventh Amendment bars damages claims[3] against states (absent a waiver, which is absent here). *Harbert Int'l, Inc. v.*

---

[2] Houston should have sought relief via state writ of mandamus or habeas corpus, as the superior court judge and the United States District Court for the Northern District of Georgia advised him. (Doc. 1 at 8); *Houston v. Lindsey*, No. CV109-745, doc. 3 (N.D. Ga. Mar. 31, 2009) (similar case dismissed without prejudice; instructed Houston to seek a writ of mandamus); *see also Hicks v. McGee*, 289 Ga. 573, 575 (2011) (superior court clerk and court employee were not entitled to official immunity in connection with their failure to inform Georgia Department of Corrections of prisoner's sentence within 30 days of receipt of amended sentencing order, resulting in prisoner serving an additional 22 months in prison after his sentence expired; specific actions mandated by statute were ministerial and were unambiguously triggered by the amended order, even if clerk and employee did not recognize amended order as a sentencing order).

[3] The Eleventh Amendment, however, does not foreclose an action against a state official in his official capacity where the plaintiff seeks only prospective, injunctive relief. *Seminole Tribe of Fla.*, 517 U.S. 44, 73 (1996) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1986)); *Cross v. State Dep't of Mental Health*, 49 F.3d 1490, 1503 (11th Cir. 1995); *see ex parte Young*, 209 U.S. 123, 155-56 (1908) (a suit for injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity). Specifically, Eleventh Amendment sovereign immunity does not apply to bar relief when a state official is sued for prospective injunctive relief to "end a continuing violation of federal law."

*James*, 157 F.3d 1271, 1277 (11th Cir. 1998). An official capacity suit against a state officer is deemed to be a suit against the state itself because an award of damages would be paid by the state. *Id.* Hence, "[t]he state need not be formally named as a defendant for the [Eleventh] amendment to apply; state officials sued in their official capacity are also protected by the amendment." *Id.* Moreover, only "persons" may be sued for a constitutional deprivation under § 1983. *See* 42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983" with regard to claims for damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing 42 U.S.C. § 1983).

And as a further barrier to any individual capacity claims, it appears that Houston has named the Bureau of Prisons Commissioner, the wardens, and Shavonda Fields solely because of their supervisory positions. Claims brought pursuant to § 1983, however, cannot be based upon theories of vicarious liability or respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must demonstrate either that the

individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.1998) (per curiam). Houston does not offer any factual allegations showing that any of these defendants directly participated in the alleged constitutional deprivation or implemented some policy, or tolerated some unofficial practice or custom, under which the violation occurred. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Fundiller v. Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985).

For the reasons explained above, Houston's claim fails and this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  6th  day of December, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA